UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

STATE OF TENNESSEE        )
       )
v.        )      Case No. 1:15-CV-98-HSM-CHS
       )
REGINALD CHARLES HARVEY        )

## REPORT AND RECOMMENDATION

### I. Introduction

Reginald Charles Harvey, *pro se*, has filed a "Notice of Removal" "pursuant to 28 U.S.C. § 1455." Mr. Harvey is attempting to remove to this Court a criminal prosecution currently pending against him in the General Sessions Criminal Court of Hamilton County, Tennessee, Case Nos. 1567888, 1573133, and 1573132. Mr. Harvey asserts the state courts have no subject matter jurisdiction in the criminal actions against him or personal jurisdiction over him because they are "foreign" entities.

### II. Background

Mr. Harvey's Notice of Removal" and attached documents make up a total of 32 pages, much of which is nonsensical. His pleading includes language frequently used by members of the so-called "Sovereign Nation" who commonly assert that state and federal governments have no authority over them. Mr. Harvey contends that "the General Session [sic] Court for the Criminal Division for Hamilton County [sic] Tennessee, and not excluding any State or Superior Court, is considered a separate foreign entity." He argues, therefore, that the court – as a foreign entity – lacks subject matter jurisdiction and personal jurisdiction over him, and that prosecuting him in such court violates his due process rights under the Fourth, Fifth, and Sixth Amendments of the United States Constitution. (Notice of Removal at p. 3, Page ID ## 8, 20, 22).

1

## III. Discussion

Section 1455 of 28 U.S.C. provides the procedure by which a state criminal prosecution may be removed to a federal court. Specifically, § 1455(a) provides:

> (a) Notice of removal.--A defendant or defendants desiring to remove any criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such prosecution is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

The notice of removal must be filed no more than 30 days after the arraignment in state court or at any time before trial, whichever is earlier. 28 U.S.C. § 1455(b)(1). Such a filing does not prevent the state court from proceeding with the prosecution of the case; however, a judgment of conviction cannot be entered in the state court proceeding unless the matter is remanded to state court. 28 U.S.C. § 1455(b)(2). The notice of removal shall include all grounds for the removal. 28 U.S.C. § 1455(b)(3). The Court shall promptly examine the notice of removal and its exhibits and summarily remand the matter back to state court if it appears that removal is improper. 28 U.S.C. § 1455(b)(4).

Plaintiff has not provided this Court with "a copy of all process, pleadings, and orders served upon [him]" as required by 28 U.S.C. § 1455(a)(1); thus remand is appropriate on this basis alone.

Section 1443 of 28 U.S.C. provides the substantive basis upon which a state criminal prosecution may be removed to federal court.[1] *Noble v. Wayne County*

---

[1] 28 U.S.C. §§ 1442 and 1442(a) provide for circumstances in which a criminal prosecution may be removed from state to federal court if the prosecution is directed against the United States, a federal officer or member of Congress in certain situations, or a member of the armed forces.

*Prosecutor's Office*, 2014 WL 1515788, *1 (E.D. Mich. April 16, 2014) (reviewing 28

U.S.C. § 1443 for substantive grounds of removal and stating 28 U.S.C. § 1455 "provides

only a procedural mechanism for removing a criminal case from state court and

remanding the case back to state court; it does not provide any substantive grounds for

removing criminal cases to federal court"); *accord, Majors v. Kentucky*, 2014 WL

2565351, *1 (E.D. Ky. June 5, 2014) (unpublished).

> More specifically, 28 U.S.C. § 1443 provides:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:

> **(1)** Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;

> **(2)** For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

Subsection two is inapplicable in the instant case because "it applies 'only to federal

officers and to persons assisting federal officers in the performance of their federal duties.'"

*Majors*, 2014 WL 2565351, *1 (quoting *City of Greenwood v. Peacock*, 384 U.S. 808, 815

(1966)).  Mr. Harvey does not allege to be a federal officer or a person assisting federal officers

in the performance of their federal duties.

To remove a state prosecution under Subsection one, the notice of removal must state

grounds alleging a deprivation of a civil right on the basis of racial inequality and the defendant

must be unable to enforce these civil rights in the state court in question.  *Johnson v. Mississippi*,

421 U.S. 213, 219 (1975); *Conrad v. Robinson*, 871 F.2d 612, 614-15 (6th Cir. 1989); *Majors,*

3

2014 WL 2565351, *1.  Mr. Harvey has not alleged deprivation of a civil right on the basis of racial inequality.

For the reasons stated in this report and recommendation, it is RECOMMENDED[2] Mr. Harvey's Notice of Removal be DISMISSED and this matter be summarily remanded to state court.

s/*Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE

---

[2]Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party.  Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure.  Failure to file objections within the time specified waives the right to appeal the District Court's order.  *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general.  *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986).  Only specific objections are reserved for appellate review.  *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).

4